**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

MELODY ANN HAFNER,                              CASE NO.: 07-31033-LMK

  Debtor.                                              CHAPTER: 7

_____/

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS IN PART

THIS MATTER is before the Court on the Trustee's Objection to the Debtor's Claim of Exemptions (the "Objection," Doc. 21). The Objection asserts that the Debtor exceeded the exemption amount allowed for a single motor vehicle under Florida law by combining Fla. Stat. §§ 222.25(1) with 222.25(4). The issue is whether the Debtor may "stack" her exemptions under Fla. Stat. §§ 222.25(1) and 222.25(4) toward a single motor vehicle. The Court heard the argument of counsel at the hearing held on January 24, 2008, and for the reasons explained herein, the Objection is overruled in part. This is a core proceeding as provided under 28 U.S.C. § 157(b)(2)(B), and this court has jurisdiction pursuant to 28 U.S.C. § 1334.

*Background*

On October 29, 2007, the Debtor filed her Voluntary Petition under Chapter 7. On Schedule C of the petition, the Debtor claims a combined $5,000 exemption for her 2006 Chrysler Sebring valued at $9,500, pursuant to Fla. Stat. §§ 222.25(1) and 222.25(4).

    Fla. Stat. § 222.25 provides, in pertinent part
        The following property is exempt from attachment, garnishment, or
        other legal process:
        (1) A debtor's interest, not to exceed $1,000 in value, in a single
           motor vehicle...
        ...
        (4) A debtor's interest in personal property, not to exceed $4,000,

>        if the debtor does not claim or receive the benefits of a homestead
>        exemption under § 4, Art. X of the State Constitution …

The Debtor did not claim a homestead as exempt on Schedule C. "If a debtor does not receive such benefits of the homestead exemption, then that debtor is entitled to the Statutory Personal Property Exemption" under § 222.25(4). *In re Gatto*, 380 B.R. 88, 92 (Bankr.M.D.Fla. 2007). Therefore, the exemption under Fla.Stat. § 222.25(4) is applicable to this case.

It is the Trustee's contention that the Debtor may not stack the two exemptions under Fla. Stat. §§ 222.25(1) and 222.25(4) because "§ 222.25(1) specifically states that the exemption is 'a debtor's interest, not to exceed $1,000.00 in value, in a single motor vehicle.'" Hence, the combined $5,000 exemption would exceed the exemption amount allowed for "a single motor vehicle."

*Discussion*

The issue is whether the Debtor can exceed the $1,000 exemption limit toward a single motor vehicle under Fla. Stat. § 222.25(1) by combining that exemption with the $4,000 statutory personal property exemption under § 222.25(4).

The starting point is the language of the statute. *See Watt v. Alaska*, 451 U.S. 259, 265 (1981); *U.S. v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). The language of Fla. Sta. § 222.25(1) is not ambiguous when it is read by itself; it provides that a debtor may claim an exemption not exceeding $1,000 toward a single motor vehicle. Likewise, the language of § 222.25(4) is not ambiguous when read by itself; it provides the debtor with a "wildcard" exemption in personal property if the debtor does not claim or receive the benefit of the homestead exemption. Section 222.25(4) is intended to provide the Debtor with a personal property exemption alternative to the homestead exemption permitted under Fla. Const. Art.X § 4.

However, §§ 222.25(1) and 222.25(4) are susceptible to multiple interpretations when read together. As the Trustee contends, one possibility is that the language of subsection (1) lim-

its the aggregate exemption towards a single motor vehicle to $1,000. Alternatively, the $1,000 limitation under subsection (1) applies "only to exemptions claimed under that subsection and have no application to exemptions claimed" under subsection (4), and therefore the Debtor may claim the additional $4,000 exemption towards any personal property, including the same motor vehicle. *See AVCO Financial Serv. v. Isbell*, 312 S.E.2d 707, 707 (N.C.App. 1984). Based on the plain language of the statute, I must permit the Debtor to stack the two exemptions because "there is nothing in the plain language of § 222.25(4) that supports a contrary interpretation." *See Gatto*, 380 B.R. at 94-95.

The Florida "legislature is presumed to pass subsequent enactments with full awareness of all prior enactments." *Palm Harbor Special Fire Control Dist. v. Kelley,* 516 So.2d 249, 250 (Fla. 1987). Therefore, the legislature is presumed to have had "full awareness" of subsection (1) when it amended § 222.25 to add subsection (4) in 2007. While Section 222.25(4) clearly and unambiguously excludes debtors who elect to "receive the benefits of a homestead exemption" from receiving the benefits of the statutory personal property exemption, the language does not exclude debtors who receive the benefits of the motor vehicle exemption. Moreover, Section 222.25(4) allows a debtor to exempt any "personal property" and does not specifically exclude motor vehicles from the exemption. If the legislature intended to prohibit debtors from stacking subsection (1) with (4), the legislature knew how to include such exclusionary language in the statute. *See Gatto*, 380 B.R. at 94. Therefore, the context of § 222.25 and recent legislative action support the conclusion that the legislature did not intend to prohibit stacking the two exemptions.

Although courts should not look beyond the statutory language when it is clear and unambiguous, courts may resort to extrinsic aids if the statutory language is subject to multiple interpretations. *See Holly v. Auld*, 450 So.2d 217, 219 (Fla. 1984); *Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club*, 773 So.2d 594, 599 (Fla. 1st DCA 2000). Although courts commonly

refer to legislative history in order to ascertain legislative intent, the legislative history for Fla. Stat. § 222.25 is not very helpful in ascertaining whether the legislature intended to prohibit stacking the exemptions under subsections (1) and (4).  *See* Fla. S. Comm. on Com., CS for SB 2118 (2007) Staff Analysis  (final Apr. 19, 2007); Fla. S. Comm. on Judiciary, CS for SB 2118 (2007) Staff Analysis (final April 19, 2007); *see generally* 88 C.J.S. *Statutes* § 340 (2007).

It is also proper for courts to consider "the **objectives and purpose** of the statute's enactment" in order to ascertain legislative intent.  *See Fla. Birth-Related Neurological Injury Comp. Ass'n v. Fla. Div. of Admin. Hearings*, 686 So.2d 1349, 1354 (Fla. 1997) (emphasis added); s*ee also Carson v. Fla. Dept. of Mgmt Serv*, 944 So.2d 306, 313 (Fla. 2006).  The purpose behind exemption statutes is to protect the public from the burdens of supporting a destitute family.  *In re Hill*, 163 B.R. 598, 601 (Bankr.N.D.Fla. 1994).  Similarly, courts around the country have recognized that the main purpose behind exemption statutes is based on public policy.  *See e.g. Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980) ("to protect his dignity… to afford means of financial rehabilitation, to protect family unit from impoverishment, and to spread the burden of the debtor's support from society to his creditors"); *In re Lawrence*, 219 B.R. 786, 792 (E.D.Tenn. 1998) ("sufficient property to obtain a fresh start, and to provide debtor with basic necessities of life so that he will not be left entirely destitute"); *In re Lush*, 213 B.R. 152, 155 (Bankr.C.D.Ill. 1997) ("to secure…necessary shelter and personal property required for their welfare").

When construing Florida statutes, "any ambiguity or uncertainty of [legislative] intent should receive the interpretation that best accords with the public benefit." *In re Ruff's Estate*, 32 So.2d 840, 843 (Fla. 1947); *see also Sunshine State News Co. v. State*, 121 So.2d 705, 708 (Fla. 3d DCA 1960).  Therefore, when interpreting Florida exemption statutes, the court should "begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors," because such liberal interpretation would "best

accord with the public benefit." *See Gatto*, 380 B.R. at 91 (citing *Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018, 1021 (Fla. 2001)); *Ruff's Estate*, 32 So.2d at 843. Here, in the absence of a clear statement from the legislature prohibiting the Debtor from stacking the exemptions in §§ 222.25(1) and 222.25(4), the statutory language should be construed liberally to permit the Debtor to stack the two exemptions.

Although there is no case law that conclusively determines whether the exemptions under §§ 222.25(1) and 222.25(4) may be stacked, there are cases that allow the statutory exemptions to be stacked with the Constitutional personal property exemption under Fla. Const. Art.X § 4(1)(2). For example, Judge Paskay construed § 222.25(1) and concluded that the motor vehicle exemption may be stacked with the Constitutional personal property exemption toward one motor vehicle because the statute was not intended to take away the Constitutional personal property exemption. *See In re Rutter*, 247 B.R. 334, 335-36 (Bankr.M.D.Fla. 2000). Similarly, in *Bezares*, Judge Paskay allowed the personal property exemption under § 222.25(4) to be stacked with the Constitutional personal property exemption because the legislature intended to create an additional benefit for the debtor. *See* 377 B.R. 413 (Bankr.M.D.Fla 2007). Likewise, Judge Williamson concluded that § 222.25(4) and the Constitutional personal property exemption can be stacked because "there is nothing in the plain language of the section 222.25(4) that supports a contrary interpretation." *Gatto*, 380 B.R. at 94-95. These cases lend support to the conclusion that the two exemptions may be stacked.

Courts in other states with similar statutes have reached similar conclusions. The Court of Appeals of North Carolina in *AVCO Financial Serv.,* 312 S.E.2d at 708 analyzed the North Carolina exemption statute, which allows exemption of "the debtor's interest, not to exceed $1,000 in value, in one motor vehicle," and it has a separate subsection providing a wildcard exemption of $2,500 towards any property. *See id*. The debtor in *AVCO Financial Serv*. sought to exempt a van valued at $1,211.64 and a motorcycle valued at $1,200 by stacking the motor ve-

hicle exemption and the wildcard exemption. *See id.* The debtor first applied the motor vehicle exemption towards the van, and applied the wildcard exemption towards the excess value. Then, the debtor applied the remaining wildcard exemption towards the motorcycle. *See id.* The court permitted the debtor to claim total exemptions of $2,411.64 toward two motor vehicles despite the limitation because the "limits contained in [one] subsection… apply only to exemptions claimed under that subsection and have no application to exemptions claimed under [another] subsection." *See id*. In *Matter of Barker*, construing the Illinois exemption statute, the Seventh Circuit held that the "Illinois personal property exemption statute is ambiguous" and it "should be liberally construed in order to carry out the legislature's purpose in enacting them – to protect debtors." Therefore, the court allowed the debtor to stack his exemptions. *See* 768 F.2d 191, 195-96 (7th Cir. 1985). Similarly, in *Allman*, the court allowed stacking under Illinois statute, holding that "the statute's purpose is of paramount importance," and "stacking of such exemptions protects debtors and their families by facilitating their financial rejuvenation." 58 B.R. 790, 793 (Bankr.C.D.Ill. 1986).

For the reasons discussed above, the debtor is permitted to stack the motor vehicle exemption in § 222.25 (1) with personal property exemption in § 222.25(4) toward a single motor vehicle. Accordingly, it is hereby

ORDERED and ADJUDGED that the Trustee's Objection to Debtor's Claim of Exemptions is OVERRULED to the extent it seeks to limit the personal property exemption claimed by the Debtor under Fla. Stat. § 222.25(4).

DONE and ORDERED in Tallahassee, Florida this 21st day of February, 2008.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest